ANDREA SHERIDAN ORDIN, County Counsel
ROGER H. GRANBO, Assistant County Counsel
JONATHAN McCAVERTY, Deputy County Counsel
(SBN 210922) • *jmccaverty@counsel.lacounty.gov*
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1828 · Fax: (213) 626-2105

Attorneys for Los Angeles County Deputy
District Attorney Garrett M. Worchell

GERAGOS & GERAGOS
SHELLY KAUFMAN (SBN 100696)
644 South Figueroa
Los Angeles, California 90017
Tel. (213) 625-3900 Fax (213) 625-1600

Attorneys for Plaintiff
ROBERT YOUSEFIAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT YOUSEFIAN<br><br>Plaintiff,<br><br>v.<br><br>CITY OF GLENDALE; MICHAEL LIZARRAGA; PETROS KMBIKYAN; NORA YOUSEFIAN, DOES 1 through 45, Inclusive<br><br>Defendants. | CASE NO. CV 11-3579 DMG (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation for Protective Order for District Attorney Files ("Stipulation") filed on December 23, 2011, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of the introductory paragraph and paragraphs 5(e) and (f) of the

Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as "PROTECTED DOCUMENTS," or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal.  Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as "PROTECTED DOCUMENTS," or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  The parties' mere designation of any information, document, or thing as "PROTECTED DOCUMENTS," or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  See Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.

If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## TERMS OF PROTECTIVE ORDER

Plaintiff Robert Yousefian ( "Plaintiff"), and the Office of the Los Angeles County District Attorney, District Attorney (referred to as "DA"), through their respective attorneys, have stipulated, agreed, and requested that this Court enter the following Protective Order regarding (a) documents and materials from the District Attorney's files that the DA provides to Plaintiff during this civil action; (b) any related testimony provided at a deposition in this matter; and (c) any reference to such documents or testimony in the parties' or witnesses' pleadings or papers submitted to the Court:

1. The attorney for Plaintiff issued a deposition subpoenas duces tecum dated October 11, 2011, by serving the DA with a subpoena for production, inspection, and copying of the following:

> "1. The complete file in connection with *The People of the State of California v. Robert Yousefian*, Case No.: GA071376"

2. The DA has complied in part, and will produce further documents, in the Office of the Los Angeles County District Attorney's possession, custody, or control, in compliance with the subpoena duces tecum issued as noted in paragraph 1 above. Specifically, the DA will produce, subject to the Protective Order as set

forth below, the attorney notes from Case No.: GA071376 in its possession, custody or control.

3. The DA maintains and asserts through this Stipulation and its objections to the subpoena, that it has a legitimate need to limit access of information on the grounds that disclosure of information in the materials requested would (a) implicate the subjects' rights to privacy, (b) endanger the personal safety of the subjects, (c) disclose confidential official information, (d) disclose attorney work product, (e) harm and interfere with other criminal prosecutions, and (f) disclose information protected by the deliberative processes privilege.  The DA maintains and asserts that it has a legitimate need to limit access to information about internal decision making for the conduct and course of prosecutions.  The DA maintains and asserts that it has a legitimate need to meet its obligations to maintain confidentiality and/or privacy of information as required by statute and judicial decision, and to assure personal safety of potential witnesses in its prosecutions.

4. Plaintiff YOUSEFIAN and the DA have met and conferred pursuant to Local Rule 37-1 and are desirous of resolving the disputes about disclosure and use of information acquired by Plaintiff from the Office of the Los Angeles County District Attorney and its personnel.

5. To comply with Plaintiff's subpoena duces tecum expeditiously, to regulate the disclosure and use of information from the DA, and to meet the above identified needs of the DA, the following procedures and limitations shall govern the use, disclosure, distribution, or dissemination of all documents and other tangible things, and the information contained therein (collectively referred hereinafter as "PROTECTED DOCUMENTS"), either previously or henceforth produced by the DA to Plaintiff and to his counsel:

    a. The PROTECTED DOCUMENTS shall be used solely in connection with the preparation and trial of this action, Case No.: CV 11-3579 DMG (MANx), or any related appellate proceeding, and not for any other purpose, including any

other litigation.  This paragraph shall not preclude the Plaintiff's attorney of record in this case from indicating, in connection with discovery or a discovery motion in another action, an awareness of responsive documents.  In indicating such awareness in any other action, the Plaintiff's attorney of record shall not disclose the substance of the Confidential Information.

    b.    The PROTECTED DOCUMENTS shall be treated as confidential by Plaintiff and his counsel and shall not be further disclosed, disseminated, or otherwise distributed except as provided in this Protective Order.

    c.    The PROTECTED DOCUMENTS, or any portion thereof, may not be disclosed, distributed, or disseminated except as provided in subparagraph (d) below.

    d.    The PROTECTED DOCUMENTS, or any portion thereof, may only be disclosed to the following persons:

    (1)    Counsel for Parties only and specifically not to YOUSEFIAN with the exception of any recordings, written or otherwise, of YOUSEFIAN's own statements;

    (2)    All members of the Parties' legal teams, including, but not limited to, paralegal, investigative, support, stenographic, clerical and secretarial, and related personnel regularly employed by counsel referred to in subparagraph (1) above.

    (3)    The Court and Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action; and

    (4)    Expert witnesses designated by Plaintiff's counsel solely for the purpose of this litigation.

    e.    Furthermore, each person (except **the Court and** Court personnel) to whom disclosure of the PROTECTED DOCUMENTS, or any portion thereof, is made, with the exception of those identified in subparagraph d. **(1), (2), and (4)** above who are presumed to know the contents of this Protective Order, shall, prior

to the time of disclosure, be provided a copy of this Protective Order by the person furnishing him/her such material, and shall agree on the record or in writing that he/she has read the Protective Order, and that he/she understands the provisions of the Protective Order, and that he/she agrees to be bound by the provisions of this Protective Order.  Such person (except Court personnel) also must consent in writing to be subject to the jurisdiction of the United States District Court, Central District of California, with respect to any proceeding relating to enforcement of this Protective Order, including without limitation, any proceeding for contempt.  Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation.

   f. If the PROTECTED DOCUMENTS, or any portion thereof which were not part of a public filing, are filed with the Court in any form, such filing shall be **accompanied by an application, in compliance with Local Rule 79-5, requesting that such documents be filed** under seal and not become public record without an unsealing order by the Court.

   6. Nothing in paragraph 5 is intended to prevent officials or employees of the County of Los Angeles or other authorized governmental officials from having access to the PROTECTED DOCUMENTS if they would have had access in the normal course of their job duties.  Further, nothing in this Protective Order prevents subsequent attorneys representing Plaintiff YOUSEFIAN in a re-trial or other post-trial proceedings from gaining access to the PROTECTED DOCUMENTS to the extent they are otherwise available through ordinary discovery procedures or similar means.  Finally, nothing in this Protective Order precludes a witness from disclosing events or activities personal to him or her; that is, a witness can disclose to others information previously given to the County of Los Angeles with respect to what he or she saw, heard, or otherwise sensed.

   7. The foregoing is without prejudice to the right of the Plaintiff

YOUSEFIAN and the DA:

    a.    To apply to the Court for a further protective order relating to confidential material or relating to discovery in this litigation; and

    b.    To apply to the Court for an order compelling production of documents or modification of this Protective Order or for any order permitting disclosure of documents.

    c.    Plaintiff does not waive any right to assert, *inter alia*, that the DA does not have a legitimate interest or need to limit access to documents reflecting and/or related to its internal decision making process in Plaintiff's case and does not waive his right seeking discovery of these documents.  Plaintiff does not waive his rights to seek disclosure of any and all documents in the possession of the DA relating to the District Attorney files for the cases subpoenaed and identified above on any and all applicable grounds, including, but not limited to, his rights and guarantees afforded to him by law.

8.    Once the Protective Order issues, the following schedule will take effect, subject to extraordinary circumstances or by mutual agreement of the Plaintiff and the DA:

    a.    Within three (3) days of the notice to counsel for the DA, of the Court's entry of the Protective Order, the DA will make available, for inspection and/or photocopying, the additional documents in its possession, custody, or control, which are responsive to the above-referenced subpoena duces tecum.

    b.    The DA shall place a stamp on each of the PROTECTED DOCUMENTS marked "Confidential–subject to Protective Order." The marking shall not, to the extent practicable, prevent or impede the reading of the text of the PROTECTED DOCUMENTS.  If through its inadvertence, surprise or neglect, the DA does not label the

PROTECTED DOCUMENTS as indicated, counsel for Plaintiff shall so notify the DA so that the DA may place the phrase Confidential– subject to Protective Order, on the PROTECTED DOCUMENT.

c. Within Thirty (30) days after the date that an Order terminating this litigation becomes no longer subject to judicial review, counsel for Plaintiff shall promptly return to the DA all copies of the PROTECTED DOCUMENTS and shall certify it has not retained any such documents, or portions thereof except as required by the Court.

9. This Protective Order, when entered into by the Court, shall be retroactive to the date of the initial disclosure of documents made by the DA in this matter.

10. This Protective Order is entered into without prejudice to the right of any party and/or the DA to file any motion for relief from the Court from any restriction hereof or for any other or further restriction on the production, exchange, or use of any documents, testimony, or other information produced, given, or exchanged in the course of discovery in this action.  This Protective Order may be modified, amended, or vacated by further order of the Court.

11. This Protective Order shall survive the final determination for this action and shall remain in full force and effect after conclusion of all proceedings herein, and the Court shall have continuing jurisdiction to enforce its terms.

**IT IS SO ORDERED.**

Dated:  January 12, 2012

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE