O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-03579 DMG (MANx)** | Date | March 11, 2013 |
|---|---|---|---|

| Title | *Robert Yousefian v. City of Glendale, et al.* | Page | 1 of 3 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER GRANTING DEFENDANT LIZARRAGA'S MOTION TO CORRECT ORDER RE MOTION FOR SUMMARY JUDGMENT [DOC. # 106]**

**I.    INTRODUCTION**

On November 19, 2012, this Court issued an Order granting Summary Judgment in favor of Defendants Michael Lizarraga, the City of Glendale, and Petros Kmbikyan ("MSJ Order") [Doc. # 93]. On December 11, 2012, the Court remanded the remaining state law claims to the Los Angeles County Superior Court [Doc. # 96]. On December 17, 2012, Plaintiff Robert Yousefian filed a Notice of Appeal to the Ninth Circuit Court of Appeals [Doc. # 97], and on December 20, 2012, the Court entered judgment in favor of Defendants [Doc. # 102].

On January 3, 2013, Defendant Lizarraga filed the instant Motion to Correct the MSJ Order, originally set for hearing on February 1, 2013 [Doc. # 106]. On January 29, 2013, the Court took the matter under submission because it deemed it appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

Defendant Lizarraga characterizes his request as a motion to correct a "clerical mistake" in the MSJ Order under Fed. R. Civ. P. 60(a). Under Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The requested correction, however, is factual rather than clerical in nature. Thus, the Court finds that Plaintiff's motion is more appropriately characterized as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). Because the motion was filed within 28 days after entry of judgment, it is timely under Rule 59(e).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 11-03579 DMG (MANx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | *Robert Yousefian v. City of Glendale, et al.* | Page | 2 of 3 |

## II. JURISDICTION

Generally, the filing of a notice of appeal divests the district court of jurisdiction over the aspects of the case which are the subject of the appeal.[1] *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982). Federal Rule of Appellate Procedure ("Appellate Rule") 4(a)(4)(A) allows the Court to retain jurisdiction over certain post-judgment motions, including a timely filed Rule 59(e) motion.

The Transmittal Note to the 1993 Amendment to Appellate Rule 4(a)(4) states that a "notice [of appeal] filed *before* the filing of one of the specified motions or *after* the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals." (Emphasis added). The Advisory Committee Note to the 2009 Adoption of Fed. R. Civ. P. 62.1, which governs indicative rulings, similarly explains that certain post-judgment motions, including motions under Rules 59 and 60, "suspend the effect of a notice of appeal filed *before or after* the motion is filed until the last such motion is disposed of." (Emphasis added.) Moreover, although the Ninth Circuit has yet to address the issue squarely, recent case law suggests that it would embrace the Advisory Committee's interpretation of Appellate Rule 4(a)(4). *See Crawford v. Kingdom of Saudi Arabia*, No. CV 11-05206, 2012 WL 3638628 at *3 (N.D. Cal. Aug. 22, 2012) (Ninth Circuit held appeal in abeyance pending district court's resolution of a post-judgment motion filed after the notice of appeal but within the 28-day timeframe).

## III. MOTION TO CORRECT

Defendant Lizarraga asks the Court to modify page 12 of its MSJ Order. Defendant is correct that the Order contains a limited factual error that does not substantively affect the Court's analysis or the outcome of the MSJ Order. The parties do not dispute that Defendant Lizarraga is alleged to have withheld evidence of his romantic relationship with Nora Yousefian, *not* any evidence that Plaintiff offered to take a polygraph test or submit to a hair follicle test. (*See* Pl.'s Opp'n to Glendale's Sep. Stmt. of Undisputed Facts, ¶ 32-33 [Doc. # 52].) Accordingly, the Court hereby amends the MSJ Order as follows:

Page 12, Line 11 through Page 13, Line 4 shall now read:

---

[1] "A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." Fed. R. App. P. 4(a)(2). In this case, therefore, the notice of appeal is treated as filed on December 20, 2012, the date of judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-03579 DMG (MANx)** | Date | March 11, 2013 |
| Title | ***Robert Yousefian v. City of Glendale, et al.*** | Page | 3 of 3 |

Relying on *Smith v. Almada,* 640 F.3d 931 (9th Cir. 2011), Lizarraga next asserts that Plaintiff's claim that he withheld *Brady* material—i.e., Lizarraga withheld evidence of his romantic relationship with Nora Yousefian—is not cognizable because Plaintiff was not ultimately convicted. In *Smith,* the plaintiff claimed that the officer violated his due process rights by failing to disclose exculpatory evidence, in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), which requires prosecutors and police investigators to disclose exculpatory or impeachment evidence to criminal defendants.[2] *Smith,* 640 F.3d at 939. The court held that the plaintiff's *Brady*-based section 1983 claim failed because he had not shown the failure to disclose the evidence "sufficiently undermine[d] [the court's] confidence in the outcome of [the plaintiff's] trial." *Id.* at 940.

Here, it is undisputed that the drug possession charges were dropped at the close of the preliminary hearing, and that Plaintiff was ultimately acquitted of the remaining charges. Thus, absent evidence of other harm sufficient to constitute prejudice under *Smith*, Plaintiff's *Brady*-based section 1983 claim for the withholding of potentially exculpatory or impeachment evidence fails because he cannot show that he was prejudiced.

[2] In order to state a claim under *Brady,* a plaintiff must allege that (1) the withheld evidence was favorable either because it was exculpatory or could be used to impeach, (2) the evidence was suppressed by the government, and (3) the nondisclosure prejudiced the plaintiff. *Id.*

As noted above, the factual correction does not substantively affect the Court's analysis: Plaintiff was not ultimately convicted of any of the charges against him, and he has not presented any other evidence of harm sufficient to constitute prejudice under *Smith v. Almada*, 640 F.3d 931, 940 (9th Cir. 2011). Indeed, the Factual Background in the Order states the facts correctly. (*See* MSJ Order at 4-5, 8.) Accordingly, the Court finds that the proposed change is necessary to adequately reflect the record and to assist the Ninth Circuit's review. An amended MSJ Order shall be filed concurrently with this Order.

**IT IS SO ORDERED.**